# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| BRANDON GUFFEY, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF G.T.G., <br><br> Plaintiff, <br><br> vs. <br><br> META PLATFORMS, INC.; INSTAGRAM, LLC; META PAYMENTS, INC.; and META PLATFORMS TECHNOLOGIES, LLC. <br><br> Defendants. | Case No: 0:24-cv-1025-SAL <br><br> **NOTICE OF REMOVAL** |

1. PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Meta Platforms, Inc. ("Meta Platforms"), Instagram, LLC; Facebook Payments, Inc.; and Meta Platforms Technologies, LLC (collectively, "Meta") hereby remove to the United States District Court for the District of South Carolina, Rock Hill Division, the above-captioned state court action, originally filed as Case No. 2024CP4600228 in the Court of Common Pleas for York County, South Carolina. Removal is proper on the following grounds:

2. This Court has federal question jurisdiction because Plaintiff pleads two federal causes of action.

3. This Court also has diversity jurisdiction, because there is complete diversity between the South Carolina Plaintiff and the Defendants, none of which is a South Carolina resident—and the amount in controversy exceeds $75,000.

I. **TIMELINESS OF REMOVAL**

4. On January 22, 2024, Plaintiff Brandon Guffey, individually and as a personal representative for the estate of G.T.G., filed a Complaint against Meta in the Court of Common Pleas for York County, South Carolina.

5. Meta has not yet been served with the Complaint.

6. This notice of removal is timely because it is filed before service has been completed, so necessarily within the 30 days of service prescribed by 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day removal period begins upon service of summons and complaint).

II. **PROPRIETY OF VENUE**

7. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is in this district. *See* 28 U.S.C. § 121(7).

III. **SUMMARY OF ALLEGATIONS**

8. Plaintiff Brandon Guffey, resident of South Carolina, brings this case individually and as personal representative for the Estate of G.T.G. in order to recover for harms G.T.G., Plaintiff's deceased son, allegedly suffered as a result of Meta's communication apps. Compl. ¶¶ 23, 160-175.

9. Plaintiff alleges that Defendant Meta Platforms, Inc. "is a Delaware corporation, having its principal place of business in California." Compl. ¶¶ 1, 24.

10. Plaintiff alleges that Defendant Instagram, LLC was "reincorporated . . . in Delaware" and that "Meta Platforms is the sole member of this LLC, whose principal place of business is in Menlo Park, CA." Compl. ¶ 30.

11. Defendant Meta Payments, Inc. was incorporated in Florida and has its principal place of business in Menlo Park, CA.

12. Defendant Meta Platforms Technologies, LLC was organized under the laws of Delaware and has its principal place of business in Menlo Park, CA.  None of Meta Platforms Technologies, LLC's members are residents of South Carolina.

13. This action is one of many lawsuits filed against various companies operating different software apps that allow users to create, share, and view content with other users—companies which are commonly referred to using the term "social media"—based on alleged harms stemming from use of those companies' communication apps.  The key allegations about "social media" are largely identical in these cases, most of which name Meta Platforms as a defendant, and many of which name one or more of the other Meta entities named in this case.

14. On October 6, 2022, the Judicial Panel on Multidistrict Litigation (JPML) formed a multidistrict litigation (MDL) to coordinate actions where plaintiffs allege harms from the use of communication apps like those operated by Meta.  *See* Transfer Order, *In re Social Media Adolescent Addiction/Personal Injury Product Liability Litigation*, MDL No. 3047 (attached as **Exhibit A**).  There are currently over 340 cases pending in the MDL, well over 300 of which name Meta Platforms as a defendant.

15. Like the cases that were centralized by the JPML into an MDL, the central allegation of Plaintiff's Complaint against Meta concerns its apps' functionalities for communicating, displaying, and disseminating content among users.  Compl. ¶¶ 1, 3-4, 7.  The Complaint specifically challenges particular features of Meta's apps, such as "algorithmically tailored 'feeds'" that allegedly show and facilitate interactions with

third-party content, such as "photos and videos." *Id.* ¶ 49.  The Complaint alleges that Meta "designed" these features "to exploit minor users' incomplete brain development" and "make adolescents addicted to [its] platforms." *Id.* ¶ 33.  Further, the Complaint alleges that third-party bad actors use Meta's apps to "identify[], target[], access[], and exploit[] children." *Id.* ¶ 65.  Plaintiff brings claims against Meta for strict product liability, negligent design, negligence, fraudulent concealment and misrepresentation, negligent concealment and misrepresentation, wrongful death, survival, and violations of 18 U.S.C. §§ 2252, 2252A(5)(b), and 2255, based on the alleged design of Meta's apps and their purported failure to warn of alleged defects or provide safeguards as to use. *Id.* ¶¶ 176-327.

16. Meta denies that liability or damages can be established by Plaintiff.  Meta does not concede and reserves the right to contest, at the appropriate time, that any of Plaintiff's allegations constitutes a cause of action against it under applicable law.  No statement or reference in this Notice of Removal constitutes an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.  Meta's notice seeks only to establish that the Complaint presents a federal question on its face, that there is complete diversity between Plaintiff and Defendants, and that the amount in controversy is more likely than not in excess of Section 1332's jurisdictional minimum.

## IV.   **THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1331 AND 28 U.S.C. § 1332.**

17. Removal is proper under 28 U.S.C. § 1331 because the Complaint presents a federal question on its face.  Removal is also proper under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Meta and the amount in

4

controversy exceeds $75,000, exclusive of interest and costs. All other requirements for removal have also been satisfied.

**A. Plaintiff's Claims Facially Arise Under Federal Law.**

18. The original jurisdiction of the district courts includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

19. "Whether a case 'arises under' federal law for purposes of § 1331" is governed by the "well-pleaded complaint rule," *Holmes Grp., Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 830 (2002), "which provides that federal jurisdiction exists . . . when a federal question is presented on the face of the plaintiff's properly pleaded complaint," *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

20. Here, Plaintiff expressly pleads two federal causes of action: Plaintiff's eighth cause of action alleges violations of 18 U.S.C. §§ 2255 and 2252 (Compl. ¶¶ 300-309), and Plaintiff's ninth cause of action alleges violations of 18 U.S.C. §§ 2255 and 2252A(5)(b) (Compl. ¶¶ 310-319). Plaintiff specifically seeks damages pursuant to the "Civil Remedy for Personal Injuries" articulated in 18 U.S.C. § 2255, which provides redress for violations of 18 U.S.C. §§ 2252. Compl. ¶¶ 305-307, 315-317.

21. "Federal-question subject-matter jurisdiction exists" here because Plaintiff brings an "action under" 18 U.S.C. ¶ 2255, "a federal statute providing a cause of action." *See Dole v. Joshi*, 2023 WL 3975113, at *7 (E.D. Mo. June 13, 2023) (finding federal question jurisdiction exists in an action brought "under 18 U.S.C. § 2255, which provides a civil remedy for personal injuries resulting from a violation of various federal crimes, including 18 U.S.C. § 2252A.").

22. Because the Court has original jurisdiction over Plaintiff's claims stating a federal question, it has supplemental jurisdiction over Plaintiff's remaining counts, which are so related that they "form part of the same case or controversy." 28 U.S.C. § 1367(a).[1]

**B. There Is Complete Diversity Between Plaintiff and Meta, and the Amount in Controversy Exceeds $75,000.**

23. Plaintiff and Meta are "citizens of different States." 28 U.S.C. § 1332(a).

24. Plaintiff alleges that he is a resident of York County, South Carolina. Compl. ¶ 23.

25. Meta is not a citizen of South Carolina. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "It is well-settled that an LLC is a citizen of every state in which any of its members are domiciled." *Sulka v. Hoagland*, 2019 WL 4409464, at *2 (D.S.C. Sept. 16, 2019). Thus, Meta Platforms, Instagram, LLC, and Meta Platforms Technologies, LLC are citizens of Delaware and California—not South Carolina. And Meta Payments, Inc. is a citizen of Florida and California—not South Carolina.

26. Accordingly, for purposes of diversity jurisdiction, there is complete diversity between Plaintiff and Meta.

27. In addition to pleading complete diversity, a notice of removal alleging diversity jurisdiction "need include only a plausible allegation that the amount in controversy

---

[1] "Nothing in the jurisdictional statutes suggests that the presence of related state law claims somehow alters the fact that [the] complaints, by virtue of their federal claims, were 'civil actions' within the federal courts' 'original jurisdiction.'" *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 166 (1997).

exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "Evidence establishing the amount" in controversy is not required to be included with the notice of removal, but instead is required only "when the plaintiff contests, or the court questions, the defendant's allegation." *Id*. at 89.

28. Meta takes no position as to which of the Complaint's allegations are admitted or denied at this time, reserves the right to deny the Complaint's factual allegations, and denies that Plaintiff is entitled to any relief. But based on the allegations in the Complaint, the amount in controversy exceeds $75,000.

29. First, in respect to his eighth and ninth causes of action, Plaintiff states that "[a]t a minimum," he "intend[s] to seek statutory liquidated damages in the amount of $150,000 against each Defendant, as well as the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, prejudgment and post-judgment interest, and such other relief as the Court deems appropriate, pursuant to" 18 U.S.C. § 2255(a) and 2252A(f). Compl. ¶¶ 307, 317.

30. Second, the nature of Plaintiff's allegations also support a finding that the amount in controversy threshold is met. Plaintiff alleges that he and G.T.G. were harmed by Meta's conduct and that "[s]uch harms include addiction to, or compulsive or excessive use of, Defendants' platforms, and cascade of resulting negative effects, including but not limited to dissociative behavior, withdrawal symptoms, social isolation, damage to body image and self-worth, increased risky behavior, exposure to predators, sexual exploitation and profound mental health issues including but not limited to depression, body dysmorphia, anxiety, suicidal ideation, self-harm, insomnia, eating disorders, and

7

death." *Id*. ¶¶ 175, 270.  Courts have found claims for damages based on similar allegations sufficient to satisfy the amount-in-controversy threshold. *See, e.g.*, *In re Lumber Liquidators Chinese-Manufactured Flooring Prod. Mktg., Sales Pracs. & Prod. Liab. Litig.*, 2024 WL 174363, at *5 (4th Cir. Jan. 17, 2024) (noting that district court had diversity subject matter jurisdiction in case involving wrongful death claim where defendant alleged amount in controversy exceeded $75,000).

31. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

    a. this is a civil action within the meaning of Section 1332(a);
    b. the parties are citizens of different states as required by § 1332(a)(1); and
    c. the amount in controversy exceeds $75,000 as required by § 1332(a).

32. Accordingly, this action is properly removable under 28 U.S.C. § 1441.

## V. OTHER REMOVAL ISSUES

33. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants consent to removal.

34. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the state court docket sheet, the Complaint, and all other process, pleadings, and orders served on Meta and/or filed in the state court are attached as **Exhibits B and C**.  These filings constitute the complete record of all records and proceedings in the state court.

35. If any question arises as to propriety of removal to this Court, Meta requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

36. Upon filing the Notice of Removal, Meta will furnish written notice to Plaintiff's counsel and will file and serve a copy of this Notice with the Clerk of the Court of Common Pleas for York County, South Carolina, pursuant to 28 U.S.C. § 1446(d).

37. Meta files this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, including as to personal jurisdiction. Meta disputes the allegations in Plaintiff's Complaint.

38. Meta reserves the right to amend or supplement this Notice.

**WHEREFORE**, Meta removes this action, pending in the Court of Common Pleas for York County, South Carolina, as Case No. 2024CP4600228, to this Court.

February 29, 2024

Respectfully Submitted,

WYCHE, P.A.
/s/ *James E. Cox, Jr.*
Wallace K. Lightsey (Fed. ID 1037)
Meliah Bowers Jefferson (Fed. ID 10018)
James E. Cox, Jr. (Fed. ID 13054)
200 E. Broad Street, Suite 400
Greenville, SC 29601
Telephone: (864) 242-8200
Facsimile: (864)253-8900
E-mail: wlightsey@wyche.com
mjefferson@wyche.com
jcox@wyche.com

Ashley M. Simonsen (*Pro Hac Vice* Forthcoming)
asimonsen@cov.com
Covington & Burling LLP
1999 Avenue Of The Stars
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800.

Nathan E. Shafroth (*Pro Hac Vice* Forthcoming)
nshafroth@cov.com

9

        Isaac D. Chaput (*Pro Hac Vice* Forthcoming)
        ichaput@cov.com
        COVINGTON & BURLING LLP
        415 Mission Street, Suite 5400
        San Francisco, CA 94105-2533
        Telephone: + 1 (415) 591-6000

        *Attorneys For Defendants Meta Platforms, Inc., Instagram, LLC, Meta Payments, Inc., and Meta Platforms Technologies, LLC*

Greenville, SC
February 29, 2024

## CERTIFICATE OF SERVICE

 I hereby certify that on February 29, 2024 the foregoing was electronically filed on the Court's ECF system and served by email and first-class mail as follows:

John R. Alphin
Jessica L. Fickling
Kennedy Ezekiel
Strom Law Firm, LLC
6923 N. Trenholm Road, Ste 200
Columbia, SC 29206
jalphin@stromlaw.com
jfickling@stromlaw.com
kezekiel@stromlaw.com

Thomas E. Pope
Elrod Pope
212 E. Black St.
Rock Hill, SC 29730
tpope@elrodpope.com

         */s/ James E. Cox, Jr.*
         James E. Cox, Jr.
         *Attorney For Defendants*
         *Meta Platforms, Inc., Instagram, LLC, Meta*
         *Payments, Inc., and Meta Platforms Technologies,*
         *LLC*